THE MORRIS & CUMMINGS DREDGING COMPANY, RE-
LATOR, v. THE MAYOR AND COUNCIL OF THE CITY
OF BAYONNE, RESPONDENTS.

Argued February 21, 1907—Decided June 10, 1907.

1. *Mandamus* is the proper remedy to compel action where a mu-
   nicipal body is charged with a statutory duty and refuses to
   perform it. The writ goes to the municipal board which is
   charged with the duty and which is in existence at the time the
   writ issues.
2. By section 31 of the General Tax act of 1903 (*Pamph. L., p.*
   414) the council of the city of Bayonne is required, upon appli-
   cation of any person interested, to apportion taxes among the
   proper subdivisions of parcels of real estate assessed for taxes in
   said city. A like duty exists under the charter of the city and
   the Martin act, so called.

On rule to show cause for a *mandamus.*

Before Justices FORT, HENDRICKSON and PITNEY.

For the relator, *McDermott & Enright.*

For the respondents, *Elmer W. Demarest.*

The opinion of the court was delivered by

FORT, J. This is an application for a *mandamus* to require
the city of Bayonne to apportion the taxes assessed for the
years 1891 to 1905, inclusive, against four separate parcels
of upland and an adjoining riparian lot, held under leasehold,
and known as lot A, which were assessed together as one
parcel, so that the tax assessed against the upland may be set
off and apportioned from the tax upon lot A.

No controversy is made in the case that a proper petition
for this purpose was presented to the defendant council by
the relator, nor that such petition was considered and referred
to a committee, pursuant to the defendant's rules, and that
that committee reported adversely to making the apportion-
ment, and that the common council of the defendant, within

which rests the final power of such apportionment, refused to make the same.

The relator owned the four parcels of upland and lot A from 1874 to 1904, and in 1904 it conveyed lot A to one Leary. The remaining parcels of land are still owned by the relator.

In the year 1894 the taxes on this entire property from 1883 to 1890, inclusive, being in arrears, were referred to the Martin act commissioners, and they apportioned the taxes between the uplands and lot A, and the relator paid the taxes upon the uplands, leaving those upon lot A unpaid.

The respondents proceeded to sell lot A for these adjusted taxes, and a restraining order was obtained from the United States Court staying such sale. This proceeding is still pending and undetermined.

Notwithstanding this order, the city claims to have sold lot A under the Martin act, and to have purchased the same at a sale held August 10th, 1894, for the amount of the arrears found against the property, approximating $8,000. A certificate of sale was delivered to the city, which it still holds.

The city's position is not changed by this alleged purchase. The land still remains subject to the arrears of 1883 to 1890, as adjusted, as if no sale had been made. Lot A, therefore, is subject to the lien of the taxes for the years 1883 to 1890, as apportioned, and the lien of the taxes against it and the four upland lots assessed as one parcel for the years from 1891 to 1905, inclusive, and taxes separately levied against it for the year 1906.

We think the contention that the present owner, Leary, is entitled to redeem from the alleged sale of August 10th, 1894, to the city by paying the purchase price and interest and costs, together with subsequently assessed taxes, is unquestioned.

We also think that the relator is entitled to have this apportionment made, as to the taxes assessed upon the property from 1901 to 1905, so that the taxes upon the upland may be separated from the taxes upon lot A.

Not only is this right under the charter of the city of Bayonne and the provisions of the Martin act, but by section 31

of the General Tax act of 1903 (*Pamph. L., p.* 414), which said act provides that the assessment for taxes upon any parcel of real estate, and the claim of the taxing district for redemption on any sale thereof to the taxing district, or to any of its officers for tax arrears, may be apportioned among proper subdivisions of such parcels on the application of any person interested, in writing, accompanied by a map, &c., presented to the proper official or council charged with the levying of taxes. And it is provided that such official or council shall have authority to apportion the assessment and tax so claimed for redemption according to the values of the respective subdivisions at the time the tax became due, and the tax apportioned on each subdivision shall be a lien thereon in the same manner as if originally so assessed.

In this state of the record, and on the admitted facts, we think that the *mandamus* should go, and that it should go against the present council, although the petition which is the basis of this application was made to a previous council. The action of that council was the action of the municipality. Of that action the relator was formally notified, and the fact that pending the proceedings the life of the then existing council expired should not be held to deprive the relator of the remedy here sought. If this were possible it would be within the power of a municipal body to always prevent action by *mandamus* to compel it to apportion taxes. It could hold the petition until a day or two prior to the expiration of its life and then dismiss it and refuse to make an apportionment, and the relator would be compelled, upon the theory of the respondents suggested in this case, to again make application to the incoming council, and it could go through the same process, and at the end of its term make the same refusal, *ad infinitum.* A petitioner would be without remedy.

*Mandamus* is the only remedy in such a case, and where the body charged with a statutory duty has refused to perform it, it is the act of the corporation, and it is the corporation which is to be required to make the apportionment through its properly constituted municipal board existing at the time the writ goes.

In this case all the facts and proof are before the court, and a peremptory writ of *mandamus* to make the apportionment asked for and refused will be allowed.